# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

RUBBY JAMES GRAY                                                                                    PLAINTIFF

V.                                          3:04CV00387 GH/HDY

LARRY MILLS, *et al.*                                                                               DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge George Howard, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

     3.     The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>  Clerk, United States District Court
>  Eastern District of Arkansas
>  600 West Capitol Avenue, Suite 402
>  Little Rock, AR 72201-3325

## **DISPOSITION**

Pending before the Court is Defendants' motion for summary judgment (docket entry #55), along with a brief in support (docket entry #56), and a statement of undisputed material facts (docket entry #57). On March 3, 2006, Plaintiff filed a response (docket entry #60). Plaintiff alleges in his complaints that he was not been given timely treatment for two sexually transmitted diseases, and that Defendants interfered with his legal mail. Plaintiff's complaint seeks an order directing Defendants to "correct the wrong that has been done," and to "teach them that they have laws to obey as well."

### **I. Standard of Review**

Summary judgment is only appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court must

view the facts, and inferences to be drawn from those facts, in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A moving party is entitled to summary judgment if the nonmoving party has failed to make a showing sufficient to establish the existence of an element essential to that party's case. *Celotex*, 477 U.S. at 322-23. The Eighth Circuit has held that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Dulany v. Carnahan*, 132 F.3d 1234, 1237 (8th Cir. 1997) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

## II. Analyis

*A. Interference with legal mail*

In their motion, Defendants note that Plaintiff cannot show that he was prejudiced by any alleged delay in getting his legal mail out, nor can he show that Defendants were personally tampering with or withholding his legal mail.

Initially, it should be noted that Plaintiff's legal mail complaints appear to relate to jail staff opening mail he has received from this Court. It is doubtful that any mail received from this Court can be considered "legal mail," but is rather merely copies of documents which have been filed in his case, and are a matter of public record. Such mail is not in any way privileged, and a jail's opening of it is not a constitutional violation. Privileged prisoner mail is mail to or from an inmate's attorney and identified as such. *Jensen v. Klecker*, 648 F.2d 1179, 1182 (8th Cir. 1981); *citing Wolff v. McDonnell*, 418 U.S. 539, 576-77 (1974). It does not appear that Plaintiff alleges any problems with mail meeting that definition.

Even if Plaintiff has had an isolated instance of legal mail that has been delayed, such an occurrence, without evidence of improper motive or resulting interference with Plaintiff's right to

counsel or access to the courts, does not give rise to a constitutional violation. *Gardner v. Howard*, 109 F.3d 427 (8th Cir. 1997). To the extent that Plaintiff is trying to allege denial of access to the courts, his claim fails because he has not alleged any injury or prejudice, which is required to prevail on such a claim. *Kind v. Frank*, 329 F.3d 979 (8th Cir. 2003). The record is devoid of any evidence to show Plaintiff lost a specific claim in a legal proceeding as a result of Defendants' alleged interference. Thus, his claim with respect to the alleged interference with his legal mail should be dismissed.

*B. Medical treatment*

Plaintiff also alleges that he was denied timely and adequate medical treatment for his two sexually transmitted diseases. Plaintiff was initially incarcerated at the Poinsett County Detention Center from October 14, 2004, through April 12, 2005 (Defendants' statement of undisputed material facts).[1] According to Plaintiff's complaint, he was seen by a doctor on October 29, 2004, the day he signed the amended complaint (docket entries #2 and #6). The Eighth Amendment's proscription of cruel and unusual punishment obligates prison officials to provide adequate medical care to inmates in their custody. *Estelle v. Gamble*, 429 U.S. 97, 102-03 (1976). To succeed with an inadequate medical care claim, a plaintiff must allege and prove that: (1) he had objectively serious medical needs; and (2) prison officials subjectively knew of, but deliberately disregarded, those serious medical needs. *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997). Additionally, when a prisoner claims that a delay in receiving medical treatment amounts to inadequate medical care, he must allege, and eventually come forward with, medical evidence verifying a detrimental effect from the delay in medical treatment. *Coleman v. Rahija*, 114 F.3d 778,

---

[1] Plaintiff also appears to have been in the Poinsett County Jail from about October 24, 2005, until about October 31, 2005 (docket entries #36 and #40). On December 27, 2005, the Court received a notice from Plaintiff that he had returned to the Poinsett County Jail (docket entry #52).

784 (8th Cir. 1997). Even assuming, without deciding, that Defendants knowingly ignored an objectively serious medical need, Plaintiff has failed to identify or produce any medical evidence demonstrating a detrimental effect that resulted from the alleged delay in medical treatment. Accordingly, Plaintiff's claims concerning his medical treatment should be dismissed as well.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT Defendants' motion for summary judgment (docket entry #55) be GRANTED, and Plaintiff's complaint be DISMISSED WITH PREJUDICE.

DATED this _7_ day of March, 2006.

_____
UNITED STATES MAGISTRATE JUDGE